UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| HERBERT S. MONCIER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No.: 3:11-CV-301 |
| v. ) | (VARLAN/SHIRLEY) |
| ) | |
| NANCY JONES, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

This is a civil action is before the Court on the Report and Recommendation ("R&R") entered by United States Magistrate Judge C. Clifford Shirley, Jr. [Doc. 60]. The undersigned referred various motions to the magistrate judge for disposition or report or recommendation, as may be appropriate. In response to the R&R, defendants filed an objection [Doc. 62], and plaintiff responded along with a motion to strike or, alternatively, for a temporary restraining order pending expedited discovery [Doc. 67]. Defendants filed a response to plaintiff's response and motion [Doc. 71] and plaintiff replied [Doc. 73]. Plaintiff also filed two objections to the R&R [Docs. 63, 64]. Defendants filed responses to those objections [Docs. 66, 65], and plaintiff replied [Docs. 68, 69]. Plaintiff later filed a supplement to his objections [Doc. 74]. The Court has carefully reviewed these filings, along with the record in this case, and for the reasons explained herein the Court will adopt in part and reject in part the R&R and dismiss this case.

## I. Standard of Review

The Court must conduct a *de novo* review of portions of the magistrate judge's report and recommendation to which a party objects unless the objections are frivolous, conclusive, or general. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "Objections disputing the correctness of the magistrate's recommendation, but failing to specify the findings believed to be in error are too general and therefore insufficient." *Stamtec, Inc. v. Anson*, 296 F. App'x 518, 519 (6th Cir. 2008) (citing *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006)). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations" made by the magistrate judge. 28 U.S.C. § 636(b)(1).

## II. Background[1]

Before the magistrate judge were defendants' motion to dismiss [Doc. 23], plaintiff's second and supplemental application for temporary injunction [Doc. 33], and plaintiff's supplemental application for temporary injunction [Doc. 41].[2] Magistrate Judge Shirley

---

[1]The Court presumes familiarity with the facts and circumstances underlying the R&R and this case; however, the Court briefly outlines the magistrate judge's findings and recommendations herein.

[2]Also before the magistrate judge were plaintiff's five motions to amend the complaint and related motions to supplement [Docs. 14, 31, 36, 40, 44, 48]. Magistrate Judge Shirley granted these motions and directed plaintiff to file a consolidated complaint consisting of the proposed amendments. He also ruled that plaintiff not serve the proposed defendants in light of his recommendation to the undersigned that all but one of plaintiff's claims—that is, the claim for injunctive relief against defendant Nancy Jones—be dismissed.

addresses them together in the R&R, and makes several findings to support his recommendation that each motion be granted in part and denied in part.

First, Magistrate Judge Shirley finds that, under the *Rooker-Feldman* doctrine,[3] the Court lacks subject-matter jurisdiction over all claims that seek to directly challenge the decision of the Hearing Panel, as adopted by the Tennessee Supreme Court in its June 1, 2011 order of enforcement, which was a final decision that was rendered before this action was commenced, because the claims constitute "as applied" constitutional challenges. In making this finding, the magistrate judge concludes that, while plaintiff's various amendments "play with semantics and modify claims to confer jurisdiction on this Court, it remains clear that [p]laintiff's suit is, essentially, an action brought by a state-court litigant complaining of injuries caused by state-court judgments rendered, inviting this Court to review and reject those judgments" [Doc. 60].

Second, Magistrate Judge Shirley determines that the Court has jurisdiction over plaintiff's claim that the probation terms in this case have been improperly modified by defendant Nancy Jones, Disciplinary Counsel for the Board of Professional Responsibility for the Tennessee Supreme Court, while plaintiff was serving his active suspension and during the pendency of his probation because the claim does not require the Court to determine that any state-court judgment was erroneously entered. He also finds the claim has merit and that plaintiff's request for injunctive relief on this ground should be granted. In

---

[3]*See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

3

so finding, the magistrate judge finds that the written ruling of the Tennessee Supreme Court may not have been complied with because it stated the Board of Professional Responsibility of the Tennessee Supreme Court (the "Board") would assign a practice monitor and during the hearing, counsel for defendants stated that defendant Jones, not the Board, chose the practice monitor. Further, no relevant authority, he finds, provides defendant Jones with such power.

Third, Magistrate Judge Shirley concludes that defendants and the proposed defendants are immune, except as to prospective injunctive relief, because they all were acting within their official capacities. He nevertheless finds, however, that the only prospective injunctive relief warranted in this case is enjoining defendant Jones's selection of a practice monitor, her assignment of duties to the practice monitor, and her decisions regarding the terms and conditions of the probation, pending selection and assignment of a practice monitor by the Board consistent with the order of enforcement of the Tennessee Supreme Court. Thus, he recommends dismissing all claims against all defendants and proposed defendants, except for the claim for injunctive relief against defendant Jones.

Fourth, Magistrate Judge Shirley finds that the *Younger* abstention doctrine does not require abstention in this case because during the hearing, counsel for defendants conceded that there were no ongoing state judicial proceedings for purposes of applying the *Younger* doctrine.

Finally, Magistrate Judge Shirley concludes that the Court lacks jurisdiction to hear plaintiff's petition for a writ of habeas corpus. In so finding, he determines that plaintiff is

4

not in custody for purposes of habeas corpus relief in light of the statutory language and because his own inquiry found cases that hold revocation of a license do not constitute being "in custody" for purposes of habeas corpus review.

For all these reasons, the magistrate judge recommends that defendants' motion to dismiss [Doc. 23], plaintiff's second supplemental application for temporary injunction [Doc. 23], and plaintiff's supplemental application for temporary injunction [Doc. 41] be granted in part and denied in part consistent with his findings. He further recommends that plaintiff be allowed to pursue prospective injunctive relief to enjoin defendant Jones's selection and designation of the duties, terms, and conditions of operation of the practice monitor, until such time as the Board complies with the order of enforcement of the Tennessee Supreme Court and assigns a practice monitor and designates the terms of the monitoring. Finally, the magistrate judge recommends that all of plaintiff's other claims against defendant Jones and any other defendant, proposed or actual, be dismissed for lack of jurisdiction, and that all other claims for injunctive relief be denied.

## III. Objections to the R&R

The Court first turns to plaintiff's objection "to the portion of the [R&R] recommending dismissal of certain of [p]laintiff's claims pursuant to the *Rooker-Feldman* doctrine" [Doc. 64].[4] Defendants assert that plaintiff's argument "offers nothing new" [Doc.

---

[4] The Court, as Magistrate Judge Shirley, does not undertake a discussion of plaintiff's lengthy arguments in light of Rule 1 of the Federal Rules of Civil Procedure, which directs the Court to "secure the just, speedy, and inexpensive determination of every action and proceeding," but notes that it has reviewed and considered the entire record before it in reaching its conclusions on this objection. Fed. R. Civ. P. 1.

5

66].  The Court agrees with defendants and finds that plaintiff's objection reiterates the arguments previously made and essentially objects to the correctness of the magistrate judge's findings and recommendation.

The Court has reviewed this portion of the R&R, the parties' arguments, and the relevant law, and determines that the magistrate judge fully considered the arguments pertaining to application of the *Rooker-Feldman* doctrine.  Moreover, the Court agrees with the magistrate judge's analysis and findings regarding this issue.  The Court further finds that the issue raised in plaintiff's supplement concerning this objection [Doc. 74] does not dictate a different result regarding application of the *Rooker-Feldman* doctrine.  Accordingly, the Court hereby **OVERRULES** plaintiff's objection regarding the *Rooker-Feldman* doctrine and finds that, pursuant to the *Rooker-Feldman* doctrine, the Court lacks jurisdiction over those claims that challenge the decision of the Hearing Panel imposed upon plaintiff, as adopted by the Tennessee Supreme Court in its June 1, 2011 order of enforcement, a final decision that was rendered before this action was commenced.  Defendants' motion to dismiss in this respect will be granted.

The Court next turns to defendants' objections.  Defendants object to two findings of Magistrate Judge Shirley [Doc. 62].  The first is the magistrate judge's finding that

> the selection of the practice monitor and assignment of duties to this monitor by Defendant Jones did not comply with the Order of Enforcement of the Supreme Court, and as a result, the undersigned will recommend that the Court grant the Plaintiff's request for injunctive relief to the limited extent that it requests the probation be enjoined pending the selection of a practice monitor and assignment of duties to the monitor by the Board, rather than Defendant Jones.

6

[*Id*. at 17]. The second is the magistrate judge's finding that

> [a]t the hearing in this matter, counsel for the Defendants conceded that there are no ongoing state judicial proceedings for purposes of applying the *Younger* doctrine. [Doc. 58 at 150]. Thus, an essential criterion for abstaining pursuant to *Younger* is not present, and the Court finds that *Younger* abstention is not appropriate in this case.

[*Id*.]. Given that resolution of the second objection in defendant's favor obviates the need to resolve the first objection, the Court addresses it first.[5]

Regarding the second objection, defendants assert that at the hearing before Magistrate Judge Shirley, counsel for defendants did not concede there were no ongoing state judicial proceedings for purposes of applying *Younger* abstention but argued that the petition to revoke probation filed against plaintiff[6] constitutes an ongoing state judicial proceeding for purposes of applying *Younger*. The Court agrees. A review of the transcript of the hearing before the magistrate judge reveals the following colloquy:

---

[5]The Court notes that although defendants originally argued that the *Younger* abstention doctrine applies only with respect to plaintiff's request for habeas corpus relief, [Docs. 24, 35], defendants later modified their position, after plaintiff filed various motions to amend and supplemental applications for injunctive relief, to argue that the *Younger* abstention doctrine applies to all matters raised in plaintiff's motions to amend and supplemental applications for injunctive relief [Docs. 38, 46, 56]. Counsel for defendants clarified at the hearing before the magistrate judge that it is their position that "everything up to the June 1 enforcement order is barred by Rooker-Feldman" and "[e]verything after that is barred by Younger" [Doc. 58 at 164]. Accordingly, given that the Court has overruled plaintiff's *Rooker-Feldman* objection, if *Younger* applies, the Court need not address defendants' objection regarding the magistrate judge's finding with respect to plaintiff's claim that defendant Jones has improperly selected and imposed the conditions of the practice monitor.

[6]The petition to revoke probation was filed on September 9, 2011 with the Board [Doc. 62-1]. Defendants assert that the petition is based upon plaintiff's resistance to the efforts of defendant Jones in implementing the practice monitor condition of plaintiff's probated suspension [Doc. 62].

7

THE COURT: In your positioning are there any state judicial proceeding ongoing?

MR. WATTS: Yes, sir.

THE COURT: Which ones?

MR. WATTS: The petition to revoke probation. It is a brand new petition, an original petition. It is as much on ongoing state judicial proceeding as the original proceeding was. The Danner case I have cited in my materials recognizes that. It also recognizes the ability of the respondent attorney to raise constitutional violations. He may certainly, as I have stated several times in several papers, he can make all these arguments to the Hearing Panel. He can have them reviewed by the trial court and have them ultimately reviewed by the Supreme Court. If what the Board has done, or Ms. Jones has done, is unconstitutional it's certainly going to be a defense to the revocation of his probation. You will notice that there is no summary revocation of probation anywhere. In all likelihood by the time we get through the Hearing Panel trial, the appeal to a trial court which there almost certainly will be and a writ to the Supreme Court, which there almost certainly may be, his suspension will have run by then anyway.

THE COURT: Are there any other state judicial proceeding ongoing?

MR. WATTS: Not for Younger purposes, no.

THE COURT: For any other purposes?

MR. WATTS: For any purpose?

THE COURT: Yeah, are there any other state --

MR. WATTS: You mean that he hasn't filed or that he has filed?

THE COURT: Are there any state judicial proceedings ongoing involving Mr. Moncier and the Board or Hearing Panel or Ms. Jones?

MR. WATTS: Yes.

8

THE COURT: All right. What are they?

MR. WATTS: Mr. Moncier just filed a late filed brief in his Knox County Criminal Court habeas corpus proceeding that was on appeal to the Court of Criminal Appeals even though the Supreme Court has looked at that and dismissed it. He has filed Rule 59 and 60 motions in the Davidson County Chancery Court in which he suggested that the judge should recuse herself because she acknowledged that Ms. Jones' job was difficult and unpopular. He also claims that there is no such thing as sovereign immunity. Those are the two that I am involved with and the two that I know something about. There are on --

THE COURT: Those are essentially decided and over, but he has filed post judgment actions?

MR. WATTS: Post trial court -- no, I mean, the Davidson County matter was dismissed sua sponte at the hearing on the motion for injunctive relief. He has now filed Rule 59 and 60 motions.

THE COURT: Those are post-judgment filings. Judgment has been entered dismissing the case. The habeas case over here in the criminal court, that has also been dismissed. He has filed a --

MR. WATTS: Notice of appeal.

THE COURT: Right.

MR. WATTS: Younger requires exhaustion of state remedy. It is still ongoing. There are still matters pending in, that I know of, in Davidson County Chancery Court in another section under the Open Meetings Act and the Public Records Act. Both of those issues were before Judge Perkins. He has ruled on the Open Meetings Act. He has not yet ruled on the Public Records Act. Mr. Moncier also has that same kind of case still pending in Knox County, I believe. It is being handled by someone else in our office. I am not familiar with the details on it.

THE COURT: Those two you contend don't apply with regard to Younger?

MR. WATTS: No, that's not part of what the petition to revoke probation will provide an ongoing proceeding for. I mean, they could

9

> depending on what he comes up with as a defense. Those are essentially very discrete matters, as compared to the broader disciplinary matters.

[Doc. 58 at 149–52; *see also* Doc. 58 at 162 (defense counsel arguing that the petition to revoke probation is an ongoing state judicial proceeding)].[7] Accordingly, at the very least, defendants asserted that the petition to revoke probation and plaintiff's state habeas action were ongoing state judicial proceedings that triggered application of *Younger* abstention. Thus, the magistrate judge was in error to conclude otherwise, and defendant's objection on this ground will be **SUSTAINED**.

In light of this, the Court must determine whether *Younger* abstention applies in this case as a result of the petition to revoke probation. "In *Younger*, the United States Supreme Court counseled federal courts to abstain from enjoining certain pending state court criminal proceedings." *Danner v. Bd. of Prof'l Responsibility of the Tenn. Supreme Court*, 277 F. App'x 575, 576 (6th Cir. 2008). The doctrine "is borne out of a 'proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways.'" *Id.* (citing *Younger v. Harris,* 401 U.S. 37, 44 (1971)). It has been extended to apply to both ongoing state civil and administrative proceedings. *Id.* at 578

---

[7]Although defense counsel appears to have also argued that *Younger* applies to preclude review of plaintiff's habeas claim, that argument is not made in defendants' objections and thus will not be addressed by the Court. [*See*, *e.g.*, Doc. 24; Doc. 58 at 161, 164 (defense counsel arguing the *Younger* doctrine precludes review of plaintiff's habeas claim)].

Case 3:11-cv-00301 Document 75 Filed 01/30/12 Page 10 of 17 PageID #: 2322

(citations omitted). Pursuant to the doctrine, a federal court should abstain only when three criteria are met:

> (1) the underlying proceedings constitute an ongoing state judicial proceeding; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise constitutional challenges in the course of the underlying proceeding.

*Id.* (citing *Loch v. Watkins*, 337 F.3d 574, 578 (6th Cir. 2003); *Tindall v. Wayne Cnty. Friend of the Court*, 269 F.3d 533, 538 (6th Cir. 2001).

Regarding the first *Younger* criterion, plaintiff asserts the petition to revoke probation does not meet *Younger*'s requirements because the petition was initiated after this action was commenced and after the Court denied injunctive relief; thus, he submits, "proceedings of substance" have taken place and *Younger* cannot apply [Doc. 67].[8] The Court does not agree.

Generally, in determining whether a state proceeding was ongoing, the Court must look to the day of the federal complaint's filing. *See Loch*, 337 F.3d at 578. If the state proceeding was pending at the time of the filing, then the matter is "ongoing" for purposes of *Younger* abstention. *Loch*, 337 F.3d at 578 (citing *Zalman v. Armstrong*, 802 F.2d 199, 204 (6th Cir. 1986)). "It remains pending until a litigant has exhausted his state appellate remedies." *Id.* (citations omitted). It is also true, however, that the Supreme Court has held that the principles of *Younger* apply "in full force" if the state proceeding is filed before "any proceedings of substance on the merits have taken place in the federal court." *Hicks v.*

---

[8] The Court notes that plaintiff makes arguments concerning *Younger* in his objection to the R&R regarding application of the *Rooker-Feldman* doctrine [Doc. 64]. The Court further notes that it has considered these arguments in connection with the analysis herein.

11

*Miranda*, 422 U.S. 332, 349 (1975), *overruled on other grounds by Mandel v. Bradley*, 432 U.S. 173 (1977).

The Court first observes that the petition to revoke was filed on September 9, 2011, [Doc. 38], which is after the date this action was commenced, June 27, 2011 [Doc 1]. Thus, the Court must determine whether any proceedings of substance on the merits had taken place in this action prior to September 9, 2011. Although plaintiff maintains that the hearing of and decision on plaintiff's motion for injunctive relief, which took place before September 9, 2011, was a proceeding of substance on the merits, the Court does not agree. In *Hicks*, the Supreme Court found that the denial of a temporary restraining order did not consist of a proceeding of substance on the merits. 422 U.S. at 338, 349–50. Moreover, although defendants filed a motion to dismiss prior to September 9, 2011, the Court had not ruled on the motion prior to September 9, 2011. "While the contours of what defines a proceeding of substance have yet to be established by the Supreme Court or the Sixth Circuit," *Kalniz v. Ohio State Dental Bd.*, 699 F. Supp. 2d 966, 971 (S.D. Ohio 2010), at least one district court in the Sixth Circuit has found that no proceeding of substance on the merits had occurred where motions to dismiss were filed but not yet decided, *id.* at 971–72. Hence, the Court finds the petition to revoke probation constitutes an ongoing state judicial proceeding for purposes of *Younger* abstention.

With respect to the second criterion, "[t]here can be no serious question that the regulation and discipline of attorneys is an important state function." *Danner*, 277 F. App'x

at 579. Thus, the Court finds that the second element of the *Younger* abstention doctrine is satisfied.

Regarding the third criterion,

> Abstention is appropriate "unless state law clearly bars the interposition of the constitutional claims." The plaintiff bears the burden of showing that state law barred presentation of his or her constitutional claims. Once this third and final requirement is met, abstention is appropriate "unless the plaintiff can show that one of the exceptions to *Younger* applies, such as bad faith, harassment, or flagrant unconstitutionality."

*Id.* (citing *Squire v. Coughlan*, 469 F.3d 551, 556 (6th Cir. 2006) (internal citations omitted).

Plaintiff argues there is no adequate opportunity in the state revocation proceeding to raise constitutional challenges, and even if there were, the Hearing Panel cannot fully address them. Plaintiff, however, cites no authority for his contention and the Court therefore finds that he has not met his burden of demonstrating that state law clearly bars presentation of his constitutional claims. Moreover, it appears plaintiff has raised constitutional concerns as defenses to the petition to revoke, and the petition itself recognizes plaintiff's various attacks on the practice monitor condition and the fact that plaintiff believes it to be unconstitutional [*See* Docs. 56-2, 62-1, 71]. The Hearing Panel also has acknowledged plaintiff's defenses and has provided plaintiff an opportunity to take depositions of Board members and defendant Jones and her staff regarding "issues relevant to the Petition to Revoke Probation and the defenses raised by the Respondent" [Docs. 71, 71-1]. Even more, the Tennessee Supreme Court Rules provide that the decision of the Hearing Panel is subject to review by a trial court and the Tennessee Supreme Court, and the reviewing court may reverse or

modify the decision of the Hearing Panel on constitutional grounds. Tenn. Sup. Ct. R. 9, § 1.3. The third criterion is therefore satisfied, and the Court finds it should abstain from hearing this matter unless one of the exceptions to *Younger* applies.

Plaintiff claims the exceptions for bad faith, harassment, and other unusual circumstances apply here. *See Squire*, 469 F.3d at 555 (noting that "absent 'bad faith, harassment or any other unusual circumstance,' federal-court abstention is appropriate"). Plaintiff bears the burden of demonstrating one of the exceptions are present, and "[t]he standard for evaluating claims of bad faith and bias is difficult to meet." *Deters v. Davis*, 3:11-02-DCR, 2011 WL 127166, at *8 (E.D. Ky. Jan. 14, 2011) (citation omitted). Indeed, the Sixth Circuit has narrowly interpreted the *Younger* exceptions. *Gorenc v. City of Westland*, 72 F. App'x 336, 339 (6th Cir. 2003) (citation omitted).

Plaintiff's bad faith and harassment arguments are somewhat intertwined. Part of the argument focuses on the assertion that defense counsel made factual representations to the Court that plaintiff would be permitted to appear before the Board at its September 2011 meeting and that the practice monitor would not require disclosure of confidential, privileged, or protected information of plaintiff, but then acted contrary to those representations. Plaintiff also argues defendant Jones has harassed him by filing new ethics complaints and that the Board has refused to hear his motions regarding these complaints. Further, he claims the Board has harassed him by filing the petition to revoke probation as a result of him filing this action.

14

The Court finds that none of plaintiff's assertions rise to the level that warrants application of the bad faith or harassment exceptions. First, it appears that plaintiff was not afforded an opportunity to speak at the September 2011 meeting because of his alleged actions, which caused the Board to file a petition to revoke his probation a week before that meeting. Second, it appears that Tennessee Supreme Court Rule 8, § 1.6(c)(3), requires a lawyer to reveal information relating to the representation of a client when disclosure is necessary to comply with "other law," which arguably includes the June 1, 2011 order of enforcement. Third, the new ethics complaints appear to be based upon information received from third persons, not defendant Jones's own knowledge, and although plaintiff has filed motions regarding these complaints, no formal disciplinary proceedings have begun with respect to them. Finally, it seems the petition to revoke probation is not based upon plaintiff's filing of this action but that he has returned to the practice of law without a practice monitor, allegedly in violation of the order of enforcement. Even more, although plaintiff speculates about such, plaintiff has not demonstrated any improper motive or purposes on the part of the Board or defendant Jones.[9]

It has been noted that "prosecution is only brought in bad faith if brought without a reasonable expectation of success." *Deters*, 2011 WL 127166, at *9 (citation omitted). "[T]he subjective motivation of the prosecutor or bar counsel is central to the inquiry" and the Court must ask "whether the bar, 'at the time it instituted the disciplinary proceedings .

---

[9] The Court recognizes plaintiff's "Star Chamber" argument but does not find it persuasive in demonstrating that an exception to the *Younger* doctrine exists here.

15

Case 3:11-cv-00301 Document 75 Filed 01/30/12 Page 15 of 17 PageID #: 2327

. . was driven by a retaliatory motive or by some other nefarious purpose." *Id.* (citation omitted). In light of this guidance and the discussion above, the Court finds plaintiff has not demonstrated that the bad faith or harassment exception applies in this case. It further finds plaintiff's asserted "other unusual circumstance," that is, that Tennessee has not demonstrated any intent to comply with the United States Constitution, does not rise to the level necessary to forgo application of the *Younger* doctrine.

In sum, the Court finds it appropriate to apply the *Younger* doctrine in this case with respect to all claims not covered by the *Rooker-Feldman* doctrine, save the habeas corpus petition, and that defendant's motion to dismiss in this respect should be granted. The Court further concludes that such claims should be dismissed because in a case, as here, where the plaintiff does not seek damages, if *Younger* applies, the proper course for this Court is to dismiss without prejudice. *Louisville Country Club v. Ky. Comm'n on Human Rights*, 221 F.3d 1335, 1335 (6th Cir. 2000); *cf. Carroll v. City of Mount Clemens*, 139 F.3d 1072, 1075 (6th Cir. 1998) (holding that, when abstaining from damages claims, the proper course of action is to stay rather than dismiss).

The Court next turns to plaintiff's petition for a writ of habeas corpus. As discussed, the magistrate judge finds that the Court lacks jurisdiction to hear plaintiff's petition. The Court has reviewed plaintiff's objections and determines that he has not made any specific objection to this finding. Further, the Court has reviewed this portion of the R&R, the parties' arguments, and the relevant law, and determines that the magistrate judge fully considered the arguments in this regard. Moreover, the Court agrees with the magistrate

16

judge's analysis and findings regarding this issue. Defendants' request to dismiss plaintiff's petition for writ of habeas corpus therefore will be granted.

In light of these findings and rulings, which address the entirety of plaintiff's claims, the Court finds it inappropriate to address the remainder of the R&R, defendant's other objection to the R&R, and plaintiff's remaining objections to the R&R. Moreover, the Court's rulings render all other pending motions moot.[10]

## IV. Conclusion

For the reasons explained above, the Court will **SUSTAIN** defendants' *Younger* abstention objection [Doc. 62], **OVERRULE** plaintiff's *Rooker-Feldman* objection [Doc. 64], **ACCEPT IN PART AND REJECT IN PART** the Report and Recommendation [Doc. 60] to the extent stated herein, and **GRANT** defendants' motion to dismiss [Doc. 23] on the basis of the *Rooker-Feldman* and *Younger* doctrines and because the Court does not have jurisdiction to hear plaintiff's petition for a writ of habeas corpus. All other pending motions and objections will be **DENIED AS MOOT** [Docs. 33, 41, 63, 67, 70]. This case will be **DISMISSED**, and the Clerk of the Court will be **DIRECTED** to close this case.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

---

[10]The Court has reviewed Plaintiff's Sixth Motion for Leave to Amend and Supplement the Complaint [Doc. 70], which was referred to the magistrate judge [Doc. 72], but such does not change the Court's analysis and conclusions herein.